# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

CARTER W. RAE,

      Petitioner,                    CASE NO. 04-CV-10289-BC

v.                                DISTRICT JUDGE DAVID M. LAWSON
                                MAGISTRATE JUDGE CHARLES BINDER

UNITED STATES OF AMERICA,

      Respondent.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON PETITION TO QUASH IRS SUMMONS
(Dkt. 1)
## AND
## UNITED STATES' MOTION TO DENY PETITION TO QUASH
## IRS SUMMONS AND TO ENFORCE SUMMONS
(Dkt. 3)

## I.    RECOMMENDATION

      For the reasons set forth below, **IT IS RECOMMENDED** that (1) the Petition to Quash

IRS Summons be **DENIED,** and (2) that the United States' Motion to Deny Petition to Quash IRS

Summons and to Enforce Summons be **GRANTED**.

## II.    REPORT

### A.    Introduction and Facts

      By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned

Magistrate Judge for general case management on October 26, 2004.  Pending are the above-

entitled motions.  The United States' motion is a response to the relief requested in the Petition,

and Petitioner has responded opposing the United States' motion (Dkt. 4).  Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), these matters are ready for Report and Recommendation without oral argument.

On September 20, 2004, United States Internal Revenue Service Officer, Don Wood, issued a summons requiring Petitioner, who was listed as a "small business/self employed" individual, to produce tax information for the years 1985, 1987, 1996-2002.  (Pet., Dkt. 1 at Ex. A.) According to the declaration of Revenue Officer Wood, Petitioner never complied with the summons.  (Wood Decl., Attach. to Dkt. 3.)  Instead, Petitioner filed a "Request for Determination Letter Pursuant to 26 C.F.R. 601.201."  (Pet., Dkt. 1 at Ex. B.)[1]

Petitioner, acting *pro se*, filed the instant petition on October 18, 2004.  Citing various provisions of the Internal Revenue Code and Title 26 of the Code of Federal Regulations, Petitioner argues that the IRS violated the law in issuing the summons, stating that "in order that by law the Petitioner may be brought within the summons jurisdiction of the agencies [sic] enabling legislation, the IRS would be required under the mandates of their primary jurisdiction, to cite before the Court, upon the face of the IRS summons document, the correct "taxing statute" which gave rise or provides foundation for the IRS's alleged "tax liability" of this Petitioner in this instant case."  (Pet., Dkt 1, ¶ 9.)  Petitioner further argues that the failure of the IRS to respond to his request for determination letter "creates a legal problem for this Petitioner, because one could reasonably believe that without the proper taxing statute, this Petitioner would surly [sic] be forced into filing a false tax return for lack of the proper information.  This amounts to a catch 22[.]" (*Id*., ¶ 10.)

_____

[1]The request for determination letter bears a date of March 18, 1998.  (Dkt. 1, Ex. B at 1.)  A proof of service  contained in this document bears the date of February 1998.  (*Id*. at  6).   This date is obviously an error since the summons serving as the basis for this petition was not prepared until September 20, 2004.

2

In its motion, the United States argues that all appropriate procedures have been followed and that the Internal Revenue Code authorizes the actions taken by the revenue officer. The United States further argues that all the conditions precedent for the enforcement of this petition have been met.

### B.        Analysis and Conclusions

### 1.        Petition to Quash

The Internal Revenue Code authorizes the Secretary of the Treasury to issue administrative summonses for the purpose of ascertaining the correctness of any return or determining the liability of any person for any internal revenue tax. 26 U.S.C. § 7602. Summonses may be served upon third parties, as well as upon the taxpayer. The authority to issue administrative summonses is part of the Secretary's broad statutory charge to "inquire after and concerning all persons . . . who may be liable to pay any internal revenue tax." 26 U.S.C. § 7601. This power of inquiry is very broad. "Courts have consistently held that § 7602 endows the IRS with expansive information-gathering authority." *United States v. Ritchie*, 15 F.3d 592, 596 (6th Cir. 1994). The purpose of the statute authorizing issuance of summons is not to accuse but to inquire. *United States v. Bisceglia*, 420 U.S. 141, 146, 95 S. Ct. 915, 43 L. Ed. 2d 88 (1975). The IRS has a "positive duty" to investigate and audit persons who may be liable for taxes. *Donaldson v. United States*, 400 U.S. 517, 523, 91 S. Ct. 534, 27 L. Ed. 2d 580 (1971). Notably, the Internal Revenue Service is not required to make any showing of tax liability as a prerequisite to the issuance of an administrative summons. *United States v. McAnlis*, 721 F.2d 334, 336 (11th Cir.1983) (citing 26 U.S.C. § 7601(a)). The Secretary's investigative authority is not limited to situations where there is probable cause to suspect violation of the revenue laws. *United States v. Powell*, 379 U.S. 48, 57-58, 85 S. Ct. 248, 13 L. Ed. 2d 112

(1964); *Ritchie*, 15 F.3d at 596.  The Secretary may investigate on mere suspicion that the law is being violated or even just because he wants assurance that it is not.  *Powell*, 379 U.S. at 57.

The Internal Revenue Code sets forth a procedure allowing taxpayers to challenge administrative summonses brought by the IRS.  26 U.S.C. § 7609.  Congress enacted § 7609 in response to the Supreme Court's decisions in *Donaldson* and *Bisceglia*, which, as mentioned, gave a broad construction to the IRS's general summons power under § 7602(a).  Section 7609, however, is limited in its scope, and I suggest, none of its provisions apply to the summons served upon Petitioner in this case.  26 U.S.C. § 7609(b)(2), which permits a taxpayer to begin proceedings to quash an IRS summons, applies only to a summons served upon a *third party* record keeper as defined in 26 U.S.C. § 7609(a)(3), and is further limited to the records of the business transactions or affairs of a person *other than* the summoned party.  26 U.S.C. § 7609(a)(1), (b)(2).  In the instant case, however, the summons was served directly upon the Petitioner, and seeks Petitioner's own records, not the records of a third party, or records relating to the Petitioner held by the third party.  Therefore, subsection (b)(2) does not apply to the instant case.  Other provisions of 26 U.S.C. § 7609 are similarly inapplicable because they apply only to third-party summonses.  Subsection (f) relates to "John Doe" summonses, and subsection (g) provides that no notice is required where the court determines there is reasonable cause to believe that notice may lead to attempts to interfere with an investigation, such as the destruction of records.  I therefore conclude that 26 U.S.C. § 7609 does not confer jurisdiction upon this Court to entertain the petition filed in the instant case.  *Krzyske v. United States*, 578 F. Supp. 1366, 1367 (E.D. Mich. 1984) (district court had no jurisdiction to quash where summons was not served on third-party record keeper); *Pylar v. United States*, 835 F. Supp. 1033, 1035 (W.D. Mich. 1993) (petitioners must be third-party record keepers . . . .).  Moreover, there is case law supporting the proposition that when

4

an IRS summons is not directed to a third-party record keeper, the taxpayer Petitioner lacks standing to quash the summons. *Godwin v. United States*, 564 F. Supp. 1209, 1211 (D. Del. 1983); *Buckner v. United States*, 585 F. Supp. 564, 565 (N.D. Ill. 1984).

In the petition's prayer for relief, Petitioner cites 28 U.S.C. § 1361, the mandamus statute, apparently as the basis for quashing the summons. The writ of mandamus, however, is a drastic remedy, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought. *See Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661-62, 98 S. Ct. 2552, 57 L. Ed. 2d 504 (1978); *Kerr v. United States Dist. Court*, 426 U.S. 394, 402-03, 96 S. Ct. 2119, 48 L. Ed. 2d 725 (1976). Such circumstances are not present in this case, especially where the petitioner has failed to show either this Court's jurisdiction over his petition, or his entitlement to the relief requested.

Furthermore, even if the Court had possessed jurisdiction, and Petitioner had standing, I suggest that the instant petition would fail as Petitioner did not comply with the statutory requirements for filing an action to quash. Pursuant to 26 U.S.C. § 7609, the party seeking to quash an IRS summons must initiate this action "not later than the 20th day after the day such notice is given in the manner provided in § (a)(2)." 26 U.S.C. § 7609(b)(2). In this case, as mentioned, the summons was issued by Revenue Officer Wood on September 20, 2004. In his declaration, Revenue Officer Wood states that he personally served the summons upon Petitioner on September 27, 2004. Thus, I suggest that the time for filing began to run immediately. However, although dated October 14, 2004, the instant petition was not actually filed until 21 days after Petitioner was served, October 18, 2004. Section 7609 constitutes a waiver of the government's sovereign immunity. Such waivers are to be "strictly construed," and the failure to comply with the statute's explicit requirements provides an additional basis for concluding that

this Court is deprived of jurisdiction over the instant petition. *Clay v. United States*, 199 F.3d 876, 879 (6th Cir. 1999); *Wade v. IRS*, No. 99-2314, 2000 WL 293688 at *1 (10th Cir. March 21, 2000). For all these reasons, I suggest that the United States' motion to deny the petition to quash be granted.

### 2.     United States' Motion to Enforce Summons

As mentioned, when an action is filed seeking to quash an IRS summons, the Secretary may combine with that action a request to enforce the summons. 26 U.S.C. § 7609(b)(2)(A). As mentioned, in *Powell*, 379 U.S. at 57-58, the Supreme Court held that the government did not have to meet a standard of probable cause to obtain enforcement of a summons. Instead, the Court held that in order to obtain enforcement of a summons, the IRS must demonstrate only: (1) a showing that there is a legitimate purpose for conducting the investigation, (2) that the inquiry is relevant to the purpose of the investigation, (3) that the requested documents are not already in the possession of the IRS, and (4) that the steps required by the Internal Revenue Code were followed. The requisite showing is generally made by the submission of the affidavit of the agent who issued the summons and who is seeking enforcement. *United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982).

I suggest that, under these standards, the IRS has met its burden in establishing a *prima facie* case for the enforcement of the summons at issue. First, the declaration of Revenue Officer Wood indicates that the IRS has a legitimate purpose in its investigation, namely, an inquiry "into the tax liability of Carter W. Rae" for the calendar years listed earlier. (Wood Decl., Dkt. 3, ¶ 2.) The second prong of the *Powell* test requires that the inquiry must be relevant to the purpose of the investigation. Revenue Officer Wood states, "It is necessary to obtain the testimony and to examine the books, papers, records or other data sought by the summons in order to properly

investigate the Federal tax liability of [Petitioner]" for the calendar years listed above. (*Id.*, ¶ 8.)
The third and fourth requirements of *Powell* are similarly met. Revenue Officer Wood states in
his declaration that the information sought is not already in the possession of the Internal Revenue
Service, and the declaration similarly makes clear that the revenue officer followed the
administrative steps required by the Internal Revenue Code in the process of obtaining the instant
summons. (*Id.*, ¶¶ 3, 4, 7 & 9.)

In *Will*, the Sixth Circuit held that after the government makes its showing of a *prima facie*
case, the burden shifts to the taxpayer to show that the enforcement of the summons would be an
abuse of the court's process. To show an abuse of the court's process, the taxpayer must show that
the purpose of the investigation was either improper or in bad faith. *Will*, 671 F.2d at 966. *See
also Kondik v. United States*, 81 F.3d 655, 656 (6th Cir.1996) ("the burden shifts to the taxpayer
to prove that enforcement of the summonses would be an abuse of the court's process. This burden
is a heavy one.") After review of the instant petition, as well at its attached exhibits, I suggest that
Petitioner has entirely failed to meet this rigorous burden. I therefore suggest that the United
States' motion to enforce the summons be granted.

## III.   <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation
within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure
to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474
U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*,
932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties
are advised that making some objections, but failing to raise others, will not preserve all the

objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.


   s/ *Charles E. Binder*
CHARLES E. BINDER
Dated: August 18, 2005                                      United States Magistrate Judge


## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Michael W. Davis, and served in the traditional manner on Carter W. Rae and Honorable David M. Lawson.


Dated:  August 18, 2005                          By   s/Mary E. Dobbick
                                                 Secretary to Magistrate Judge Binder